# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| LESLIE PAUL AULTMAN<br>and SHIRLEY AULTMAN | § § § § | PLAINTIFFS |
| v. | § | CAUSE NO. 1:09CV171-LG-RHW |
| STATE FARM FIRE & CASUALTY CO. | § § § § | DEFENDANT |

## ORDER GRANTING MOTION TO REMAND

**BEFORE THE COURT** is the Motion to Remand [2] filed by the Plaintiffs, Leslie Paul Aultman and Shirley Aultman. Upon reviewing the submissions of the parties and the applicable law, the Court finds that the amount in controversy requirement is not satisfied in this lawsuit, and therefore, this Court does not have jurisdiction over this case. Therefore, the Motion to Remand is granted.

### DISCUSSION

On October 23, 2008, the Aultmans filed this lawsuit against State Farm in the Circuit Court of Jackson County, Mississippi. The Aultmans seek additional payments pursuant to an insurance policy issued by State Farm for damage that was sustained by their home during Hurricane Katrina. State Farm removed the lawsuit to this Court on the basis of diversity of citizenship. The Aultmans are residents of Jackson County, Mississippi, and State Farm is an Illinois corporation. The parties do not dispute that complete diversity exists. However, the Aultmans assert that they are seeking only $75,000 or less in damages, and thus, the amount in controversy requirement is not satisfied.

According to the Complaint, Plaintiffs "specifically limit their monetary claims to Seventy-five Thousand Dollars ($75,000) or less." Compl. at 1. However, State Farm contends that the Aultmans are in actuality seeking more than $75,000 in damages, because the *ad damnum* clause of the complaint provides:

> WHEREFORE, PREMISES CONSIDERED, the Plaintiffs make claim against the Defendant for its breach of contract due to its failure to pay all compensable wind or related damages, living expenses incurred during their forced displacement from their residence, and any other unpaid losses sustained to his [sic] properties as described herein and adjusted by the Defendant under Claim Number 24-Z498-862 or otherwise covered under Policy Number 24-66-7019-6.

(Compl. at 3). State Farm contends that, despite the specific limitation earlier in the Complaint, the language of the *ad damnum* clause demonstrates that the Aultmans are seeking in excess of $75,000, because the policy limits are $129,143.91 for the structures and actual loss sustained for loss of use. (Notice of Removal at 3 and Ex. B).

The party invoking federal jurisdiction bears the burden of establishing the amount in controversy by a preponderance of the evidence. *Hartford Ins. Group v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (citing *St. Paul Reins. Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1252 (5th Cir. 1998)). The jurisdictional facts supporting removal must be judged at the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). "Unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)).

In the opinion of the Court, the *ad damnum* clause in Plaintiffs' complaint is essentially a description of the categories of damages they seek. However, as noted above, the Plaintiffs'

Complaint limits these damages in their aggregate to a total sum of $75,000 or less. State Farm has not demonstrated by a preponderance of the evidence that the amount in controversy exceeds $75,000. Because the Aultmans have expressly limited their damages to $75,000 or less, the amount in controversy requirement is not satisfied and the Motion to Remand should be granted.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion to Remand [2] filed by the Plaintiffs is **GRANTED**. The above styled and numbered cause should be, and is hereby **REMANDED TO THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI**, pursuant to 28 U.S.C. § 1447(c).

**IT IS FURTHER ORDERED AND ADJUDGED** that a certified copy of this order of remand shall be immediately mailed by the Clerk to the clerk of the state court pursuant to 28 U.S.C. § 1447(c).

**SO ORDERED AND ADJUDGED** this the 17th day of April, 2009.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE